Morgan v. The People.

---

## George Morgan v. The People of the State of Illinois ex rel.

1. STATUTES—*Animals Running at Large.*—The statute prohibiting the running at large of animals does not apply to cows in the highway when they are under the care and control of an attendant who actually prevents them from trespassing upon the property of others and from interfering with public travel.

2. SAME—*Meaning of Phrase "Running at Large."*—The phrase "running at large" as used in the statutes means "strolling about without constraint or confinement; as, wandering, roving or rambling at will, unrestrained." (Anderson's Dictionary of Law.)

Prosecution Under Sections 1 and 2 of the Act Entitled " Animals."—Error to the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge presiding. Heard in this court at the November term, 1901. Reversed. Opinion filed June 20, 1902.

EVANS & McDOWELL, attorneys for plaintiff in error.

JOHN W. KEESLAR, state's attorney, and WILLIAM M. ACTON, assistant state's attorney, for defendant in error.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was a prosecution of the plaintiff in error, George Morgan, by the people, for an alleged violation of sections 1 and 2 of the act entitled " Animals." It was commenced on July 16, 1900, by one Canady making a sworn complaint to a justice of the peace in Vermilion county, in which it was in substance charged that plaintiff in error on July 15, 1900, willfully, unlawfully and maliciously permitted certain cows to run at large upon the public highway of Vermilion county, Illinois, contrary to the statute.

At the trial before the justice, plaintiff in error was found guilty and adjudged to pay a fine of $2 and the costs. He took the case by appeal to the Circuit Court where it was tried by jury and resulted in a verdict again finding him guilty and fixing the fine at $2, upon which the court rendered judgment.

Plaintiff in error moved to have the verdict set aside and a new trial granted, but it was denied and he excepted. He now prosecutes this writ of error, and to effect a reversal of the judgment, insists that the verdict is contrary to the evidence, and that the court gave an improper instruction at the instance of the people, and refused proper instructions requested by plaintiff in error.

It is not disputed but that in the forenoons of the days during the time in question, plaintiff in error pastured his three milch cows upon the public road located on two sides of the 100 acres of farm land situated in said county, upon which he lived; that he cultivated it, as tenant of the owner; and that while being so pastured, the cows were

always under the care and control of one or two of his sons, who always kept them from trespassing upon the premises of others and from interfering with persons traveling along the highway.

At the instance of the people, the court gave the jury the following instruction:

" You are instructed that no person, under our law, has the right to herd any domestic animal of the species of a horse, mule, cattle, swine, sheep, ass or goose upon the public highway; and if you believe from the evidence beyond a reasonable doubt that the defendant did herd his cattle upon the public highway as charged in the complaint herein, you should find the defendant guilty by your verdict."

And although so requested by plaintiff in error, the court refused to give, among others, the following instruction:

" 2. The court instructs the jury that the words 'at large' as used in the statutes of this state, making it unlawful for any animal of the species of horse, ass, mule, cattle, sheep, goat, swine or geese to run at large, means without restraint or confinement as to such animals. And in this case if the jury believe from the evidence that the cows of the defendant were upon the highway, and while there their movements were being controlled by a person or persons in charge of said cows, then you are instructed that the cows of the defendant were not at large under the law of this state, and the jury are instructed to find the defendant not guilty."

The contention of counsel for the people is that permitting cows to graze upon the public highway, although they are under the care and control of an attendant, is prohibited by the statute, while counsel for plaintiff in error insist that permitting cows to graze on the highway adjacent to one's premises when they are in the care and under the control of an attendant who keeps them from interfering with the property of others, or the public travel, is not in violation of the statute.

The two sections of the statute are as follows:

" That hereafter it shall be unlawful for any animal of the species of horse, ass, mule, cattle, sheep, goat, swine or geese to run at large in the State of Illinois."

" Whoever, being the owner or having control of any

domestic animal of the species mentioned in section one of this act shall suffer the same to run at large, shall be fined not less than two dollars nor more than ten dollars for each offense.  *  *  *  The herding of any such animals upon uninclosed lands without the consent of the owner or person having control of such lands shall be deemed a running at large under this act."

We are satisfied that the statute does not apply to cows in the highway when they are under the care and control of an attendant who actually prevents them from trespassing upon the property of others and from interfering with public travel; for "running at large" means "strolling about without constraint or confinement; as, wandering, roving or rambling at will, unrestrained." (Anderson's Dictionary of Law.)

In Michigan it was held that "When cattle are in the public highway in charge of a person directing and controlling their movements, they are not running at large within the meaning of the statute." Bertwhistle v. Goodrich, 53 Mich. 457. The statute of that state made it the "duty of the overseer of highways to seize and take into his custody and possession, any animal forbidden to run at large, which may be running at large in any highway." And the court in the Bertwhistle case, *supra*, held that cattle in the highway in charge of a boy thirteen years old, who restrained them from running about at will, were not "running at large" within the meaning of that phrase.

In Massachusetts it was held that "The owner of land adjoining a highway, and who owns to the center thereof, doubtless has a right to depasture his land in the highway; but he can not, in virtue of this right, be exempted from the duty of preventing his cattle from going at large thereon without the care of a keeper, but is bound by the same law which is applicable to others." Parker v. Jones, 1 Allen (83 Mass.), 270.

The statute of this state was evidently intended to prevent the animals named therein from trespassing upon the property of persons not their owners and not having them in charge, or from otherwise annoying such, and whenever

such animals are, by fences or keepers, kept under such control as to effect that purpose, they are not "running at large" within the meaning of the statute.

It follows that the court improperly gave the first instruction at the instance of the people; that it should have given the second refused instruction requested by plaintiff in error; and ought to have granted a new trial for the reason that the verdict was contrary to the evidence.

There being no dispute as to the facts, and under the view of the law applicable thereto that we entertain, the plaintiff in error not having violated the statute as charged, we have concluded to reverse the judgment with a finding of facts.

In making up the judgment, the clerk will incorporate therein that "the court finds that the plaintiff in error, George Morgan, did not willfully and maliciously permit certain cows to run at large in violation of the statute as charged in the complaint."