**Roy Siewerth, a Minor, by Ralph Siewerth, His Father and Next Best Friend, Plaintiff-Appellant, v. Ruben Charleston, Defendant-Appellee.**

**Gen. No. 51,726.**

First District, Third Division.

November 16, 1967.

John E. Cunningham, of Chicago, for appellant.

Dent, Hampton & Doten, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiff appeals from a judgment in his favor in the amount of $500.30, and asks that the judgment be reversed and remanded for a new trial on the question of damages only. Plaintiff contends that the damages allowed are totally inadequate and not supported by the record.

Defendant filed a cross-appeal and asks that the judgment in favor of the plaintiff be reversed.

Roy Siewerth, a minor, by Ralph Siewerth, his father and next friend, filed this action against Ruben Charleston for injuries sustained when the defendant's dog bit the plaintiff on or about the face.

Section 1 of "AN ACT to establish the liability of a person owning or harboring a dog which attacks or injures a person," (Ill Rev Stats 1963, c 8, par 12d) provides in part as follows:

> "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. . . ."

The facts are these: on June 8, 1963, the plaintiff, Roy Siewerth, who was at that time seven years old, was playing with a playmate, Kevin Charleston, on the front porch or front stoop of the defendant's home. The boys were playing a game known as tic-tac-toe and were lying on the porch or stoop which was approximately 5 feet by 3 feet in area. A Rhodesian Ridgeback dog was also lying on the porch or stoop. The dog weighed approximately 100 pounds and when standing was about 27 inches high at the shoulders. Early in 1963, this female dog had given birth to a litter of nine puppies. About two or three weeks before June 8, 1963, the dog had been struck by an automobile and it was confined to a local animal hospital, where six stitches were placed upon its hind quarter. June 8, 1963, the day the occurrence took place, was extremely hot, nearing 100 degrees.

The evidence also showed that the plaintiff pushed or kicked the dog in the stomach twice prior to the occurrence. His playmate, Kevin Charleston, pushed or kicked

the dog about two minutes after the plaintiff had pushed or kicked the dog the second time. The dog growled at plaintiff after each time he kicked or pushed the dog in the stomach, although the dog had never growled at him before, and the boys had played with the dog on many occasions. Plaintiff testified that when he pushed the dog with his feet the dog growled each time and he knew that he made the dog angry each time.

Kevin Charleston's mother, Barbara Charleston, was in the living room at the time of the occurrence and prior thereto. She had called to the boys to get off the porch when the dog first growled. Roy Siewerth, the plaintiff, testified that he heard Mrs. Charleston yell at him and Kevin to get off the porch only once. The boys remained on the porch. The evidence, however, showed that Mrs. Charleston told the boys to get off the porch twice just before the incident. After the dog growled the second time Mrs. Charleton told Roy Siewerth, the plaintiff, to go home. Roy Siewerth heard her but made no attempt to leave the porch. Prior to the date of the occurrence Mrs. Charleston told Roy Siewerth's mother that she did not want children on the porch. Mrs. Siewerth, the plaintiff's mother, also told her own children many times to stay off the Charleston porch. Shortly thereafter, Mrs. Charleston was prompted to go to the front door and noticed the plaintiff bleeding from the face and walking to his home. The evidence showed that the plaintiff, while lying on the porch, bent his head toward the dog and the dog's mouth came in contact with plaintiff's face. The dog's teeth had cut the plaintiff on the forehead partly back of the hairline, and also at the corner between the nose and right eye.

In addition to the foregoing, plaintiff testified that Kevin made the statement to one of two men who had taken statements from Kevin and the plaintiff, that

"Lucy was right there and I was kicking him." When the man asked, "Who was kicking him?" Kevin said, "We both were." When the man asked the plaintiff whether he was kicking Lucy too, he said, "Me and him did." When the man asked Kevin how many times he kicked her, Kevin said, "About two or three times." When the man asked the plaintiff whether he kicked her more than once, the plaintiff nodded his head. He also stated that he remembered kicking the dog twice.

We will first discuss the cross-appeal of the defendant. The defendant raises only one point, namely, that the plaintiff failed to prove all of the necessary elements of the cause of action set forth in the complaint.

■ In Beckert v. Risberg, 50 Ill App2d 100, 106, 199 NE2d 811, the court said:

> "The elements of a cause of action under the statute are (1) injury caused by a dog owned or harbored by the defendant; (2) lack of provocation; (3) peaceable conduct of the person injured, and (4) the presence of the person injured in a place where he has a legal right to be."

The defendant argues that the plaintiff was guilty of provocation and that the attack by the dog was with provocation. The kicking or pushing of the dog by the plaintiff on two occasions, plus the kicking and pushing of the dog by Kevin Charleston, his playmate, sufficiently provoked the dog to constitute a complete bar to this statutory cause of action.

The plaintiff contends that he was bitten by a dog owned by the owner of the home without any provocation on the part of the plaintiff. He further argues that there was no provocation on the part of the plaintiff, as provocation needs intent and there was nothing in the record to show that the minor plaintiff intended to provoke the dog into the action of biting the plaintiff.

This contention is without merit. The plaintiff testified that the dog growled after he was pushed or kicked by the plaintiff on each occasion, and that when the dog growled he knew that that made the dog angry. He further stated that the dog had never growled at him before. Even if, as the plaintiff argues, the provocation in the statute needs intent, the record shows intent on the part of the plaintiff. The plaintiff further argues that since he kicked or pushed the dog only twice, after each of which occasion the dog growled, and that subsequently the dog, before biting the plaintiff, was kicked by his playmate, Kevin Charleston, that the bite by the dog was not caused by the provocation of the plaintiff. With this contention we cannot agree. The kicking or pushing of the dog on two occasions by the plaintiff, and subsequently by Kevin Charleston, his playmate, constituted continuous provocation.

The conduct of the plaintiff, coupled with the conduct of Kevin Charleston, was completely sufficient to constitute provocation as contemplated by the statute.

Defendant also argues that the plaintiff failed to prove other necessary elements of the statutory cause of action. The other necessary elements argued by the defendant are that the person injured must be peaceably conducting himself and the person injured must be in a place where he may lawfully be. It is argued that the plaintiff was not peaceably conducting himself by his own admission, and that he was not in a place where he may lawfully be, because he was told to go home by Mrs. Charleston, the defendant's wife, before the dog bite occurred. We think it unnecessary to discuss these points further, in view of the fact that we are constrained to hold that the attack by the dog was not without provocation.

In view of our holding on the question of liability, it will be unnecessary for us to discuss the plaintiff's

appeal on the grounds that the damages awarded were inadequate. The judgment in favor of the plaintiff is reversed.

Judgment reversed.

SCHWARTZ and DEMPSEY, JJ., concur.