DOLORES CHITTUM, Adm'r of the Estate of Julie Ann Dickelman, Deceased, Plaintiff-Appellant, *v.* EVANSTON FUEL AND MATERIAL CO. *et al.*, Defendants-Appellees.

First District (5th Division)    No. 79-1215

Opinion filed December 24, 1980.

Cooney & Stenn, of Chicago (John J. Henely and James T. Newman, of counsel), for appellant.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, John D. Daniels, and David A. Novoselsky, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This appeal arises out of a wrongful death action brought by the administrator of the estate of Julie Ann Dickelman. The deceased was riding a horse owned by the defendant, W. Douglas Wallace, when the horse ran out of control onto a highway and collided with a cement truck. The collision resulted in the death of Dickelman. Plaintiff brought a six-count complaint for damages and two of these counts stated an action based on section 16 of the Animal Control Act (Ill. Rev. Stat. 1979, ch. 8, par. 366). The trial court granted defendant's motion to dismiss those counts, relying on section 16, and plaintiff now appeals from that order.

According to the allegations of plaintiff's amended complaint, Julie Ann Dickelman, a 16-year-old, was riding a horse, owned by defendant, on April 26, 1974, in the vicinity of Sanders Road near Northbrook, Illinois. She was both "peaceably conducting" herself and had a legal right to be there. Without provocation, the horse carried her onto Sanders Road "against her wishes and control" and away from the direction in which she had directed the horse. Having crossed onto Sanders Road, she and the horse were struck by a cement truck. Dickelman was seriously injured in the collision and 30 hours later died as a result of those injuries. Both her injuries and her death were proximately caused by the horse bolting onto Sanders Road. Counts III and IV of the complaint seek recovery of damages and are predicated on section 16 of the Animal Control Act (Ill. Rev. Stat. 1979, ch. 8, par. 366). Count III was brought as a wrongful death action under sections 1 and 2 of the Wrongful Death Act (Ill. Rev. Stat. 1973, ch. 70, pars. 1, 2), and count IV was brought as a survival action for the pain and suffering sustained by Dickelman before her death.

Before trial, defendant W. Douglas Wallace, owner of the horse, moved to dismiss counts III and IV which were brought against him. Defendant maintained that plaintiff failed to allege a cause of action under section 16 of the Animal Control Act (Ill. Rev. Stat. 1979, ch. 8, par. 366). This statute states:

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained. (Ill. Rev. Stat. 1979, ch. 8, par. 366.)

More specifically, defendant contended that the statute only allows re-

covery for injuries resulting from an attack of a dog or other animal. Finding this argument convincing, the trial court dismissed counts III and IV of plaintiff's amended complaint.

■■ On appeal plaintiff argues that the statute clearly and unambiguously provides a remedy for injuries incurred either by an attack or other act of a dog or other animal. Since the language is clear, plaintiff believes no statutory interpretation is necessary. We agree. The paramount concern in the application and construction of a statute is to give effect to the intention of the legislature. (*Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.) This intent should be first sought in the words used by the legislature, which affords the best means of its exposition, and if ascertainable, will prevail without resort to principles of statutory construction. (*Department of Public Works & Buildings v. Schon* (1969), 42 Ill. 2d 537, 250 N.E.2d 135.) The language of a statute is to be given its plain and ordinary meaning, and the clear language of the statute must be given effect. *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666.

In the present case, the legislature has chosen to provide a civil remedy where a dog or other animal "attacks or injures" an individual. It cannot be assumed that the legislature randomly or unintentionally chose to employ the phrase "attacks or injures." Rather, we must assume that this was a knowing and intentional choice of the legislature. We will respect that choice as the intent of the legislature. Moreover, to ignore this choice would be to usurp the function of the legislature, a path we will not take. If a change in this statute is needed or desirable, the legislature, and only the legislature, is empowered to make that change. Consistent with these principles, our supreme court has stated repeatedly that no rule of statutory construction exists which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585; *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169.) The statute is applicable to the present factual situation.

■■ The elements of a cause of action under section 16 of the Animal Control Act (Ill. Rev. Stat. 1979, ch. 8, par. 366) are: (1) injury caused by a dog or other animal owned by defendant; (2) lack of provocation; (3) peaceable conduct of the plaintiff, and (4) a legal right on the part of the plaintiff to be in the place where he was injured. (*Siewerth v. Charleston* (1967), 89 Ill. App. 2d 64, 231 N.E.2d 644; *Beckert v. Risberg* (1964), 50 Ill. App. 2d 100, 199 N.E.2d 811, *aff'd* (1965), 33 Ill. 2d 44, 210 N.E.2d 207.) In our opinion, plaintiff has adequately alleged a cause of action under the statute, and the statute is applicable to the present case.

Both in the trial court and in this court, defendant has argued that the statute is inherently ambiguous, and therefore, a judicial interpretation or construction of the statute is necessary. According to defendant, a literal

reading of the statute as encompassing all unprovoked injuries caused by "a dog or other animal" renders the words "attacks" superfluous. Of course, as defendant noted, a statute should not be read in such a manner as to render words within it meaningless. We believe, however, defendant is mistaken in this argument. A "dog or other animal" may cause an injury in one of two ways: one, by an aggressive violent action designed to inflict injury and two, by an action which is in itself harmless but under a particular set of facts results in an injury. The phrase "attacks or injures" merely states that both forms of conduct may form the basis of an action under the statute. Thus, this phrase accurately and concisely states the two types of conduct which may render an owner liable in damages.

Furthermore, this argument has been previously rejected in Illinois. (*McEvoy v. Brown* (1958), 17 Ill. App. 2d 470, 150 N.E.2d 652.) In that case, defendant's dog ran through the legs of the plaintiff, an elderly woman, causing her to fall and injure herself. In determining the import of the phrase "attacks or injures", the court stated:

> "Reading the statute and giving to the words used their plain and ordinary meaning, it must be recognized that the legislature intended to create two liabilities on the part of the owner of a dog, one if the animal injured a person who is peaceably conducting himself in a place he may lawfully be, or one if the animal attacks a person under such circumstances. To hold otherwise would be to negative [*sic*] the clear intent of the legislature as this court interprets the language used." (*McEvoy v. Brown*, 17 Ill. App. 2d 470, 477-78, 150 N.E.2d 652, 655.)

This interpretation of the statute was followed in *Taylor v. Hull* (1972), 7 Ill. App. 3d 218, 287 N.E.2d 167. In that case, plaintiff was injured when the car he was driving struck defendant's dog, went out of control, and overturned. The conduct of the dog, running in front of plaintiff's car, was not an attack, but still the court held that plaintiff may recover damages if the jury concludes that the act of the dog was the proximate cause of plaintiff's injuries. Twenty-two years have passed since *McEvoy* was decided and eight years since *Taylor*; during that time the legislature has not chosen to amend the statute to read: "attacks and injures." Where the legislature has chosen not to act following a judicial interpretation of a statute, it will be presumed that the interpretation was in accord with the legislative intent. (*City of Chicago v. Festival Theatre Corp.* (1980), 88 Ill. App. 3d 216, 410 N.E.2d 341.) We therefore conclude that the legislative intent behind this statute was accurately embodied in the phrase "attacks or injures."

Defendant's final argument is that this statute must be reconciled with a related statute entitled "Domestic Animals Running at Large." (Ill. Rev. Stat. 1979, ch. 8, par. 1.) Statutes which are related to the same

subject matter, even if enacted at different times, must be construed together. (*People ex rel. Harrell v. Baltimore & Ohio R.R. Co.* (1951), 411 Ill. 55, 103 N.E.2d 76.) The "Running at Large" statute provides in pertinent part:

> "Hereafter, it shall be unlawful for any animal of the species of horse, * * * to run at large in the State of Illinois: Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large." (Ill. Rev. Stat. 1979, ch. 8, par. 1.)

To recover damages under this section, plaintiff must allege and prove that defendant failed to use reasonable care in restraining the animal and that defendant had knowledge that the animal was running at large. (*O'Gara v. Kane* (1976), 38 Ill. App. 3d 641, 348 N.E.2d 503.) Since both statutes establish causes of action for injuries inflicted by animals, including horses, defendant believes they are *in pari materia* and must be construed together.

■■ Initially we note that where the statute in question is clear and unambiguous reference to other statutes *in pari materia* for purposes of construction is unnecessary. (*Greenport Basin & Construction Co. v. United States* (1923), 260 U.S. 512, 67 L. Ed. 370, 43 S. Ct. 188; Southerland, Statutory Construction §51.01, at 287 (4th ed. 1973).) Since we have previously concluded that section 16 of the Animal Control Act (Ill. Rev. Stat. 1979, ch. 8, par. 366) is clear and unambiguous, we need not consider other statutes. Additionally, no conflict can be found in the application of this statute to the present factual situation and the "Running at Large" statute. Illinois courts have held that the "Running at Large" statute is designed to provide redress for injuries caused by animals grazing at pasture and which are beyond the control and supervision of their owners. (*Blakley v. Glass* (1950), 342 Ill. App. 90, 95 N.E.2d 1289; *DeBuck v. Gadde* (1943), 319 Ill. App. 609, 49 N.E.2d 789; *Morgan v. People* (1901), 103 Ill. App. 257.) Here the horse was not grazing at pasture or otherwise roaming free of its owner, and therefore the "Running at Large" statute is inapplicable.

Our decision today is guided by our respect for, and awareness of, the limitations and functions of both the legislative and judicial branches of government. The legislature, in its wisdom, writes the law. The judiciary, when called up to do so, interprets the law, determines its validity, and applies it in particular cases. Here, we have no call to interpret the law and we have chosen not to rewrite it.

In conclusion, we hold that counts III and IV of plaintiff's amended

complaint state valid causes of action under section 16 of the Animal Control Act (Ill. Rev. Stat. 1979, ch. 8, par. 366), and the statute is applicable to this case. The trial court's order granting dismissal of these counts was erroneous and, accordingly, is reversed and the action remanded.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.