DARRELL FORSYTH, JR., Plaintiff-Appellant, v. DARRELL DUGGER, a Minor, et al., Defendants (James Tucker et al., Defendants-Appellees).

Fourth District   No. 4—88—0059

Opinion filed May 12, 1988.

Lon D. Weaver, of Lakin & Herndon, P.C., of Wood River, for appellant.

Stephen W. Thomson and Curtis L. Blood, both of Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, of Edwardsville, for appellees.

JUSTICE LUND delivered the opinion of the court:

On August 11, 1987, the circuit court of Macoupin County granted the motion for summary judgment filed by defendants Michael Tucker, James Tucker, and Peggy Tucker in the action filed by plaintiff Darrell Forsyth, Jr. Plaintiff appeals.

This case arose from an incident on May 3, 1984, in which plaintiff fell from a horse owned by the defendants while at the property of codefendant Darrell Dugger, resulting in injuries to plaintiff. On April 2, 1985, plaintiff filed a four-count complaint. The first two counts involved Dugger, and having been settled, are not a part of the current controversy. Count III alleged defendants violated a portion of the Animal Control Act (Ill. Rev. Stat. 1985, ch. 8, par. 366). Count IV sounded in common law negligence.

On November 12, 1986, the court originally denied defendants' motion for summary judgment. On August 6, 1987, defendants filed a motion to reconsider that ruling. On August 11, the date set for trial, the court heard arguments on the motion, and finding it was incorrect with its earlier ruling, granted defendants' motion for summary judgment.

The evidence we have before us consists of two complete depositions and excerpts from a third. These establish that on May 3, 1984, plaintiff was 15 years of age. He, Michael Tucker, and Jim Hebetway decided to go horseback riding on the Tuckers' horses. Each had his own steed, with plaintiff riding a pony named Nipper. Plaintiff was an inexperienced horseman. Nipper had a bridle with a rope attached, but did not have a saddle. Plaintiff states he asked for one, but when told by defendant he would not need one, he acquiesced in that decision. Defendant stated he jokingly made that statement, but plaintiff did not insist on having a saddle.

They rode the horses around the pasture for approximately 20 minutes. They then proceeded to go riding on the road. Defendant stated he asked if anyone wanted a saddle at that point and received negative responses. As they approached Dugger's residence, Dugger called them over and indicated he wished to ride with them. At this point, Dugger jumped onto the back of plaintiff's mount, intending to ride double. Plaintiff stated he asked Dugger not to do so. Defendant stated plaintiff was agreeable to Dugger mounting his horse.

Nipper, in response to the mounting, moved forward several steps under a tree. Plaintiff ducked to miss a tree branch, but it struck Dugger. According to plaintiff, as Dugger came off Nipper, he grabbed plaintiff and pulled him off. Plaintiff fell, striking his arm on a ceramic flower pot, resulting in substantial cuts to his arm.

■■ Initially, we observe that summary judgment should be granted only when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue as to a material fact, and that the movant is entitled to judgment as a matter of law. (*McBride v. Commercial Bank* (1981), 101 Ill. App. 3d 760, 764, 428 N.E.2d 739, 741.) In ruling on the motion, the court has a duty to construe evidence strongly against the movant and liberally in favor of the opponent. *Stringer v. Zacheis* (1982), 105 Ill. App. 3d 521, 522, 434 N.E.2d 50, 52.

■■ Count III of the complaint is based on section 16 of the Animal Control Act (known as the dog-bite statute), which reads:

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." (Ill. Rev. Stat. 1985, ch. 8, par. 366.)

The purpose of the legislation was to reduce the burden on plaintiffs by eliminating the common law requirement that a plaintiff must plead and prove that an animal owner either knew or should have known that the animal had this propensity to injure people. (*Harris v. Walker* (1988), 119 Ill. 2d 542, 547, 519 N.E.2d 917, 918-19; *Beckert v. Risberg* (1965), 33 Ill. 2d 44, 46, 210 N.E.2d 207, 208.) This section has been interpreted to create two liabilities on the part of animal owners (1) if the animal causes the injury to a person and (2) if the animal attacks a person. *Chittum v. Evanston Fuel & Material Co.* (1980), 92 Ill. App. 3d 188, 191, 416 N.E.2d 5, 7-8; *McEvoy v. Brown* (1958), 17 Ill. App. 2d 470, 477-78, 150 N.E.2d 652, 655.

Under this statute, the four elements that must be proved are (1) injury caused by an animal owned by the defendants; (2) lack of provocation; (3) peaceable conduct of the injured person; and (4) the presence of the injured person in a place where he has a legal right to be. (*Nelson v. Lewis* (1976), 36 Ill. App. 3d 130, 131, 344 N.E.2d 268, 270; *Siewerth v. Charleston* (1967), 89 Ill. App. 2d 64, 67, 231 N.E.2d 644, 645-46.) An animal causes the injury of the person if it is the proximate cause of the injury. *Taylor v. Hull* (1972), 7 Ill. App. 3d 218, 220, 287 N.E.2d 167, 168.

The court in granting defendants' motion for summary judgment on this count found that defendants' horse was provoked into walking under the tree, and, further, that the proximate cause of the injury was due to Dugger's conduct and not that of the horse. Both parties have extensively argued the question of proximate cause. We

note in passing that it is possible for there to be more than one proximate cause of an injury (*Kerns v. Engelke* (1977), 54 Ill. App. 3d 323, 334, 369 N.E.2d 1284, 1292), and that the question of whether the injury is caused by the animal or by some independent act of another is a question of fact usually decided by the jury. (*Taylor*, 7 Ill. App. 3d at 219, 287 N.E.2d at 168.) However, we find the granting of summary judgment is correct since we agree with the court that the horse's conduct was provoked.

■■ In *Nelson*, the court was faced with the question of whether an inadvertent stepping on a dog's tail constituted provocation. The court stated:

> "Defendant's position, that the mental state of the actor who provokes a dog is irrelevant, is consistent with the commonly understood meaning of provocation. Provocation is defined as an act or process of provoking, stimulation or incitement. (Webster's Third New International Dictionary 1827 (1961).) Thus it would appear that an unintentional act can constitute provocation within the plain meaning of the statute." (*Nelson*, 36 Ill. App. 3d at 131, 344 N.E.2d at 270-71.)

In *Siewerth*, the court held that the provocation could be created by conduct of a third party along with the conduct of the injured party. *Siewerth*, 89 Ill. App. 2d at 68, 231 N.E.2d at 646.

The analysis of these cases is clearly correct when viewed against the purpose of the dog-bite statute. The purpose of the statute, other than simplifying plaintiff's proof, is to require an animal owner to be responsible for injuries caused by his animal when that animal is acting under its own volition. Thus, if an outside stimulus causes the injury-causing behavior in the animal, no liability attaches. To hold otherwise would be to hold the owners strictly liable for injuries caused by their animals. This has never been done.

■■ As the *Nelson* court explained, there is no requirement that the provocation be intentional. Neither do we find a requirement that the injured party be the provocateur. The focus is on the conduct of the animal and whether its conduct was the result of an outside stimulus. The source of that outside stimulus is immaterial. This is further born out by the statute, which does not mention the cause of the provocation but does refer to "any person who is peaceably conducting himself in any place where he may lawfully be." Since those two requirements specifically mention the injured party's conduct, but the injured party is not listed as the cause of the provocation, it is a logical inference that the legislature did not mean to limit the cause of the provocation to the injured party. If the legislature had

meant to do so, it could have easily been accomplished.

In the present case, the evidence is clear that the conduct of Dugger jumping on the back of Nipper caused the horse to walk under the tree. It is immaterial whether Nipper was spooked as plaintiff stated or calm as Dugger said. It is uncontroverted that Nipper took these fateful two or three steps as a result of Dugger jumping on its back. Since the alleged injury-causing behavior (walking under the tree) was in reaction to Dugger jumping on Nipper's back, it is evident that this conduct was provoked, and plaintiff is not entitled to recovery under the statute.

■ Count IV was based on common law recovery. The common law rule for recovery of injuries caused by animals was set forth in *Domm v. Hollenbeck* (1913), 259 Ill. 382, 385, 102 N.E. 782, 783, where the court said:

> "The owner of an animal is bound to take notice of the general propensities of the class to which it belongs, but he is under no obligation to guard against injuries which he has no reason to expect on account of some disposition of the individual animal different from the species generally, unless he has notice of such disposition. The owner or keeper of a domestic animal of a species not inclined to mischief, such as dogs, horses and oxen, is not liable for any injury committed by it to the person of another, unless it [can] be shown that the animal had a mischievous propensity to commit such an injury and the owner had notice of it or that the injury was attributable to some other neglect on his part."

The trial court found no proof, nor even any allegation, as to the required element of the predisposition of Nipper in granting defendants' summary motion judgment on this count.

Plaintiff argues that the last clause of the quoted language in *Domm* allows for recovery based on simple negligence. However, we do not so read *Domm*, and no other cases so holding have been brought to our attention. In *Beckert v. Risberg* (1964), 50 Ill. App. 2d 100, 106, 199 N.E.2d 811, 814, the plaintiff alleged a common law count for recovery asserting defendant was negligent in not keeping his dog secured. The court acknowledged the last clause indicates liability might be predicated on some other neglect, but it observed that the cases have uniformly held that in a common law count alleging injury by a dog, it is necessary to allege and prove the owner's knowledge of the animal's mischievous propensity. This necessity of alleging and proving this knowledge was affirmed by the supreme court. (*Beckert v. Risberg* (1965), 33 Ill. 2d 44, 46, 210 N.E.2d 207,

208.) In the present case, the allegation and proof of this mischievous propensity is clearly missing.

Further, even if the language of *Domm* would allow recovery based on simple negligence, the court's ruling is still correct since it is clear this count is based not on simple negligence but on the common law animal injury provision of *Domm*. Paragraph 3 of this count alleges plaintiff was peacefully conducting himself on the horse where he had a lawful right to be when the horse without provocation became excited and ran under the tree injuring plaintiff. This language clearly attempts to allege recovery under *Domm* and not in simple negligence. Accordingly, even though plaintiff's count alleges specific incidents of defendants' negligence, it is still necessary for plaintiff to recover that he allege and prove the existence and defendants' knowledge of the mischievous propensity by the horse.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.