MARTHA MOORE, Plaintiff-Appellant, v. GREG ROBERTS *et al.*, Defendants-Appellees (Lindel Ray Wells *et al.*, Defendants).

Fourth District   No. 4—89—0150

Opinion filed January 11, 1990.—Rehearing denied February 27, 1990.

542

Dale A. Cini, of Cini & Bennett, of Mattoon, for appellant.

John P. Ewart and P. Bartley Durham, both of Craig & Craig, of Mattoon, for appellee Greg Roberts.

Randolph M. Rich, of Randolph M. Rich Law Office, of Marshall, for appellee Greenup Cumberland County Fair Association.

JUSTICE LUND delivered the opinion of the court:

On July 14, 1986, the plaintiff Martha Moore filed a seven-count complaint in the circuit court of Cumberland County. During a pretrial hearing, count I against defendant Greg Roberts and count IV against the Greenup Cumberland County Fair Association (Association) were dismissed with prejudice. Both counts were predicated on the Animal Control Act (Act) (Ill. Rev. Stat. 1987, ch. 8, par. 351 *et seq.*). The question before us is whether the Act is applicable to the facts alleged in the dismissed counts and whether those counts were sufficiently well pleaded to withstand a motion to dismiss.

We first address the issue of whether the Act is applicable to the facts here. Plaintiff alleges that she was present at the Cumberland County Fairgrounds on August 22, 1985. While she was standing at a lemonade stand, two horses in a race on the nearby racetrack broke through the racetrack enclosure and threw their jockeys. As the horses ran through the crowd, the plaintiff was injured.

Section 16 of the Act states:

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any

place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." (Ill. Rev. Stat. 1987, ch. 8, par. 366.) This statute has recently been considered by the supreme court in *Harris v. Walker* (1988), 119 Ill. 2d 542, 519 N.E.2d 917. There the court held the Act was intended to provide a cause of action to plaintiffs who, by virtue of their relationship to the owner of the animal or the lack of such relationship, may not have any way of knowing or avoiding the risk the animal poses to them. The court in *Harris* went on to hold that this protection could be altered by an exculpatory contract or other assumption of risk. The pleadings here indicate there was no relationship between the plaintiff and the horse owner which could have given notice to plaintiff of the risk or any assumption of risk by the plaintiff.

■ Defendants argue the Act does not apply here, but rather, the Illinois Domestic Animals Running at Large Act applies. (Ill. Rev. Stat. 1987, ch. 8, par. 1.) They contend that once the horses left the racetrack enclosure and threw their riders, they were "running at large." Illinois courts have long held that the Illinois Domestic Animals Running at Large Act is designed to provide redress for injuries caused by animals grazing at pasture which are beyond the control and supervision of their owners. (*Zears v. Davison* (1987), 154 Ill. App. 3d 408, 506 N.E.2d 1041; *Chittum v. Evanston Fuel & Material Co.* (1980), 92 Ill. App. 3d 188, 416 N.E.2d 5; *Blakley v. Glass* (1950), 342 Ill. App. 90, 95 N.E.2d 128 (abstract of opinion).) Although defendants have attempted to show that the horses were beyond the supervision and control of their owners when the injury occurred, the horses were clearly not grazing at pasture. In addition, in *McQueen v. Erickson* (1978), 61 Ill. App. 3d 859, 378 N.E.2d 614, the appellate court held the Illinois Domestic Animals Running at Large Act created an exception to the Act and, where the running-at-large statute will not support a cause of action, the general rule, the Act, will apply. For this reason, the Act, not the running-at-large statute, is the applicable law here.

■ Since the Act will apply here, we turn to consider whether the two dismissed counts were sufficiently well pleaded to allow them to go forward to trial. A complaint may survive a motion to dismiss if the facts alleged state a cause of action and the complaint reasonably informs the opposite party of the nature of the claim which he or she is called upon to meet. (*Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 483 N.E.2d 1263.) Dismissal with prejudice should not be made unless it clearly appears that no set of facts could be estab-

lished which would entitle the plaintiff to relief. *Thomas v. Zamberletti* (1985), 134 Ill. App. 3d 387, 480 N.E.2d 869.

■ ■ The elements of a cause of action under the Act are (1) an injury caused by an animal owned by the defendant; (2) a lack of provocation; (3) the peaceable conduct of the injured person; and (4) the presence of the injured person in a place where he has a legal right to be. (*Forsyth v. Dugger* (1988), 169 Ill. App. 3d 362, 523 N.E.2d 704.) Our review of plaintiff's count I shows that she has properly pleaded all but one of the four elements under the Act. She has not pleaded that she had a legal right to be at the fairgrounds on the day when her injury occurred. Given the facts alleged, this appears to be nothing more than a drafting problem easily remedied by amendment. We find that there is sufficient merit in the plaintiff's count I that the trial court should not have dismissed it with prejudice.

■ Our review of plaintiff's count IV shows the trial court erred in dismissing this count as well. It is an essential element of a cause of action under the Act that an injury must have been caused by an animal owned by the defendant. Section 2.16 of the Act provides for a broad definition of owner to include any person who harbors, cares for, acts as custodian for, or knowingly permits an animal to remain on a premises occupied by him. (Ill. Rev. Stat. 1987, ch. 8, par. 352.16.) Count IV names the Association as defendant. Clearly the Association was not the actual owner of the horse, but the injury to plaintiff took place on the Association's property and plaintiff alleges the Association had custody of the horse or knowingly permitted it to remain on its property. As this count properly pleads the other elements of a cause of action under the Act and the remaining issue of the relationship between the horse owner and the Association is one which can only be decided on facts developed at trial, count IV should not have been dismissed. For this reason, and those stated above, we reverse the decision of the circuit court.

Reversed and remanded.

SPITZ and GREEN, JJ., concur.