TAMMY ENNEN, Plaintiff-Appellant, v. WES WHITE *et al.*, Defendants-Appellees.

Fourth District No. 4—92—0069

Opinion filed August 13, 1992.

Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., of Alton, for appellant.

David A. Bloch, of Bernard & Davidson, of Granite City, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Tammy Ennen appeals from the Jersey County circuit court's dismissal of her four-count complaint against defendants, Wes and Linda White. She argues the trial court erred by concluding her amended complaint failed to state a cause of action under the Animal Control Act (Act) (Ill. Rev. Stat. 1989, ch. 8, par. 366) and by not granting her leave to amend her counts based on common law negligence. We disagree and affirm.

## I. FACTS

Plaintiff sought compensation for alleged injuries she sustained when defendants' horse named "Coke" threw her from its back while she was riding the horse and while the horse was on defendants' property. Her initial complaint was based solely on the Act. In response to defendants' motion to dismiss for failure to state a cause of action, the trial court granted plaintiff time to amend her complaint. It suggested perhaps the complaint could be repled under a negligence theory. Plaintiff filed her amended complaint in September 1991. It included allegations based on the Act and common law negligence. The pertinent allegations in count I were as follows:

> "4. That [in July 1989] the plaintiff was peac[e]ably conducting herself on [defendants' property] *** where she had a lawful right to be, having come on said property at the invitation of defendant, Wes White.

5. As plaintiff was peac[e]ably conducting herself where she had a lawful right to be, the horse named Coke *** [w]ithout provocation, injure[d] the plaintiff by throwing the plaintiff from its back.

6. That a horse is an animal which has a natural propensity to jolt and buck and attempt to throw its rider.

7. That the defendant is charged with knowledge of the natural propensities of animals of a particular class to which animals belong.

8. That the defendant is charged with knowledge of the natural propensity of horses to attempt to throw individuals from their back."

■ Counts I and II were alleged against defendant Wes White. Liability under count I was based on section 16 of the Act, which states:

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." Ill. Rev. Stat. 1989, ch. 8, par. 366.

Liability under count II was based on common law negligence and repeated the allegations in count I, but added the following claim:

"[T]he defendant failed to exercise a reasonable degree of care to prevent a foreseeable injury, by allowing the plaintiff to ride his horse when he knew or should have known that the plaintiff could be injured."

Counts III and IV were identical to the preceding two except they were lodged against Linda White. In October 1991, defendants sought dismissal of plaintiff's complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). At the December 1991 hearing, the trial judge dismissed counts II and IV, the claims based on common law negligence, and took under advisement the additional claims based on the Act. He later dismissed the additional counts against defendants.

## II. ANIMAL CONTROL ACT

Plaintiff argues her complaint adequately pled the requisite elements to state a claim under the Act. Defendants contend the trial judge correctly concluded the Act is not applicable to plaintiff's alle-

gations. They contend the Act does not apply to injuries sustained when a rider is thrown from a horse. They also argue plaintiff assumed the risk of injury by voluntarily mounting the horse.

Defendants reason that the language "attacks *or* injures" (emphasis added) should be read as "attacks *and* injures," thereby relieving defendants of liability because Coke did not attack plaintiff, but merely bucked as horses naturally do at times. We reject this interpretation of the language of section 16 of the Act. (Ill. Rev. Stat. 1989, ch. 8, par. 366.) We agree with the ruling in *Chittum v. Evanston Fuel & Material Co.* (1980), 92 Ill. App. 3d 188, 416 N.E.2d 5, that the language should be given its plain and ordinary meaning. A cause of action can exist when an attack *or* an injury occurs. (*Chittum*, 92 Ill. App. 3d at 190, 416 N.E.2d at 7; see also *McEvoy v. Brown* (1958), 17 Ill. App. 2d 470, 477-78, 150 N.E.2d 652, 655.) Plaintiff could benefit from the protections of the Act although Coke did not attack her. Whether protection is afforded her depends on additional factors.

██ Defendants correctly note the primary purpose of section 16 of the Act was to eliminate the common law requirement that the victim prove the owner *knew* the animal had a vicious propensity. (*Harris v. Walker* (1988), 119 Ill. 2d 542, 547, 519 N.E.2d 917, 918-19; *Forsyth v. Dugger* (1988), 169 Ill. App. 3d 362, 365, 523 N.E.2d 704, 706.) A statute which represents a departure from the common law should be narrowly construed in favor of those against whom it is directed. *Harris*, 119 Ill. 2d at 547, 519 N.E.2d at 919; *In re W.W.* (1983), 97 Ill. 2d 53, 57, 454 N.E.2d 207, 209.

No Illinois case has addressed whether a claim exists under the Act when the allegations are based only on a horse's natural propensity to buck, throwing its rider, and when the rider did not sign an exculpatory agreement. Other cases which have addressed injuries sustained from a horse have considered whether the horse was provoked before the injury was sustained, or whether people who work with or care for horses assume the risk of injury from the horse. See *Forsyth*, 169 Ill. App. 3d at 364, 523 N.E.2d at 705 (horse provoked when a second person jumped onto it); *Chittum*, 92 Ill. App. 3d at 190, 416 N.E.2d at 7 (complaint adequately alleged injury sustained from horse absent provocation); *Clark v. Rogers* (1985), 137 Ill. App. 3d 591, 595, 484 N.E.2d 867, 870 (horse trainer assumed risk of fall); *Vanderlei v. Heideman* (1980), 83 Ill. App. 3d 158, 163, 403 N.E.2d 756, 759 (horseshoer assumed risk of injury).

In addition, injuries from horses running at large have not been actionable under the Act. (See *McQueen v. Erickson* (1978), 61 Ill. App. 3d 859, 864, 378 N.E.2d 614, 618.) Injuries are actionable when plaintiff was an innocent bystander when injured. In *Moore v. Roberts* (1990), 193 Ill. App. 3d 541, 549 N.E.2d 1277, we concluded a bystander adequately stated a cause of action under the Act when she was injured by two horses which broke through a racetrack enclosure and threw their jockeys. (*Moore*, 193 Ill. App. 3d at 542-43, 549 N.E.2d at 1278.) In that instance plaintiff could not have known of the risk or avoided the injury. Each of these cases is distinct from plaintiff's.

■ The Act was not designed to protect her from the injuries she incurred after voluntarily mounting Coke. Previous case law supports this conclusion. Plaintiff contends the Illinois Supreme Court's ruling in *Harris* is distinct from these facts because the party who was injured while riding a horse had signed a waiver of liability provided by the defendant, an operator of a horse rental business. However, the court's language is compelling. In *Harris* the supreme court indicated the intent of section 16 of the Act is:

> "[T]o provide coverage under the statute for plaintiffs who, by virtue of their relationship to the owner of the dog or other animal or the lack of any such relationship, may not have any way of knowing or avoiding the risk that the animal poses to them." *Harris*, 119 Ill. 2d at 547, 519 N.E.2d at 919.

The court also stated: "We believe that only the most inexperienced of horseback riders would not understand that under certain circumstances a horse may become spooked *** and cause a rider to fall from the horse." (*Harris*, 119 Ill. 2d at 549, 519 N.E.2d at 920.) Plaintiff in this case does not characterize herself as inexperienced. She alleged defendants are charged with knowledge of horses' natural propensity to throw persons from their backs. She does not, however, explain why she, too, should not be charged with the knowledge about horses' propensity to buck. Her allegations include the observation that horses have a natural tendency to throw riders.

Plaintiff should have recognized her conduct involved a risk, she should have known the qualities and habits of animals, and capacities of things and forces insofar as they are matters of common knowledge in the community. This applies even if she was ignorant of the possibility Coke might throw her. See Restatement (Second) of Torts §290, Comment *g*, at 50 (1965).

Plaintiff cites *Guthrie v. Zielinski* (1989), 185 Ill. App. 3d 266, 541 N.E.2d 178, in arguing the doctrine of assumption of the risk does not apply to actions brought under the Act. *Guthrie* refused to find plaintiff assumed the risk that her parents' dog would seriously maul her leg when she entered her parents' home as she customarily did. During prior visits to the home the dog was in a dog-run outside. The day plaintiff was injured, however, the dog was in the home. (*Guthrie*, 185 Ill. App. 3d at 268, 541 N.E.2d at 179.) The *Guthrie* court further concluded assumption of the risk should apply only when it is expressly assumed, or when a contractual or employment relationship exists between the parties. *Guthrie*, 185 Ill. App. 3d at 272, 541 N.E.2d at 181.

However, other courts, including a ruling from this district, have concluded a plaintiff who assumes the risk of injury is not protected by the Act. (*Clark*, 137 Ill. App. 3d at 595, 484 N.E.2d at 870 (Fourth District Appellate Court holding horse trainer assumed risk of fall); *Vanderlei*, 83 Ill. App. 3d at 163, 403 N.E.2d at 759 (Second District Appellate Court holding horseshoer assumed risk of injury).) Although these cases represent circumstances in which the plaintiff worked with horses, plaintiff in this case assumed control over Coke by mounting the horse. Where a person accepts responsibility for controlling an animal, he or she cannot recover for injuries sustained when he or she fails to control the animal. *Wilcoxen v. Paige* (1988), 174 Ill. App. 3d 541, 543, 528 N.E.2d 1104, 1106 (owner of dog boarding and grooming business assumed risk).

There is no legal or policy justification for extending the protections of the Act to a *rider* of a horse. Once the rider mounts the horse, the rider is no longer a bystander or observer but is someone who has asserted dominion over the animal and is an active partner with the animal in recreational activity. The rider assumes control and responsibility for the horse. While a cause of action may be stated under other theories of liability, there is none under the Act. The trial judge did not err by dismissing plaintiff's claim founded on section 16 of the Act. Ill. Rev. Stat. 1989, ch. 8, par. 366.

### III. Common Law Negligence Claim

Plaintiff contends dismissal of the negligence-based claims in her amended complaint was harsh. She argues she should be provided an opportunity to amend her pleading to properly allege these claims because when the trial judge dismissed her original complaint based only on section 16 of the Act (Ill. Rev. Stat. 1989, ch.

8, par. 366), he suggested she should replead under a negligence theory.

■ The trial judge did not err by concluding plaintiff's amended complaint did not state a common law negligence claim against defendants. To recover under the common law negligence theory, plaintiff had to allege the horse was predisposed to commit such an injury and defendants knew of its predisposition. (*Forsyth*, 169 Ill. App. 3d at 367, 523 N.E.2d at 707, quoting *Domm v. Hollenbeck* (1913), 259 Ill. 382, 385, 102 N.E. 782, 783; see also *Beckert v. Risberg* (1965), 33 Ill. 2d 44, 46, 210 N.E.2d 207, 208; *Zears v. Davison* (1987), 154 Ill. App. 3d 408, 410, 506 N.E.2d 1041, 1042.) She did not allege Coke had a predisposition to injure her which defendants knew about.

Defendants correctly note (1) plaintiff could have included this claim in her first complaint, (2) she had a second opportunity to properly allege a negligence-based claim in her amended complaint, and (3) she did not seek permission to amend the complaint when the trial court dismissed the first-amended complaint.

Because plaintiff did not provide the court with a proposed amendment which properly alleged her claims based on negligence, she waived any potential error by the trial court. See *Teter v. Clemens* (1986), 112 Ill. 2d 252, 260-61, 492 N.E.2d 1340, 1344; *Kennedy v. First National Bank* (1990), 194 Ill. App. 3d 1004, 1010-11, 551 N.E.2d 1002, 1006-07.

The trial judge properly dismissed plaintiff's amended complaint. The Act does not apply under these facts because plaintiff assumed control of the horse by mounting it. Plaintiff thereby assumed the risk she might be injured. In addition, her complaint did not properly allege a common law negligence claim against defendants. Because she failed to seek permission from the trial judge to amend her complaint, she cannot now complain.

Affirmed.

COOK and LUND, JJ., concur.