**Ruth M. Bailey, Plaintiff-Appellant, v. Jerold Bly, et al., Defendants-Appellees.**

Gen. No. 10,891.

Fourth District.

November 1, 1967.

Hanagan & Dousman, of Mt. Vernon, for appellant.

Robert Heckenkamp and Gillespie, Burke & Gillespie, of Springfield, for appellees.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

The plaintiff, Ruth Bailey, suffered personal injuries when she fell down the steps from the front porch of a house owned by her brother, Cleo Bly, and his wife, Vola Bly. Cleo's son, Jerold, lived next door to his parents and owned a dog that was known by the name of Lady. Plaintiff fell from the porch as a result of tripping over Lady who was lying in her path as she sought to exit from the house, across the porch and down the stairs. At the time of the event, the plaintiff was carrying a suitcase together with some clothing draped over the suitcase.

Plaintiff sued Cleo and Vola Bly and Jerold Bly. In each case, the action was predicated upon the applicability of chapter 8, section 12d, Ill Rev Stats 1965, which provides as follows:

> "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term 'owner' includes any person harboring or keeping a dog. The term 'dog' includes both male and female of the canine species."

The allegations of the complaint were that Cleo and Vola were harborers or keepers of a dog which injured her and that Jerold was its owner. The theory of her action is that the dog statute imposes absolute liability on all of the defendants. Each of the defendants filed motions for summary judgment supported by filing in the trial court of the deposition of the plaintiff. The plaintiff filed a motion for summary judgment on the issue of liability.

The trial court granted each of the defendant's motions for summary judgment, entered judgment accordingly, and this appeal is from that order. So far as here relevant, the deposition of the plaintiff establishes that the plaintiff was leaving the home of the defendants Cleo and Vola Bly, her arms were outstretched, and she was holding a suitcase in a flat position and had one suit and two dresses over the suitcase. She started to exit from the door of the house onto the porch and the dog Lady was lying at the door against the screen. She commanded Lady to move, which she did. As abstracted, the deposition of the plaintiff continues:

> "I presumed she had moved off the porch but she had not. She had moved to the step which was three or four steps away and layed down. I did not see the dog laying on the top step before I tripped over it. I had no occasion to look down until I got to the steps, and as I assumed 'Lady' would get off the porch, I walked to the steps and tripped over 'Lady.' I tripped over her and threw my arms out and I fell to the pavement on the drive-way. I walked into the side or back of the dog, I don't know whether I hit the side or the back, she's a big dog and she just piles down about anywhere, and at the time I was walking I was still cradling the suitcase. . . ."

The trial court, in granting the motion for summary judgment, determined that the plaintiff was not attacked or injured by the dog in question and therefore the dog statute as above quoted was not applicable, and further found that Cleo Bly and Vola Bly were not harborers or keepers of the dog at the time of the occurrence alleged in the complaint.

■ The dog statute creates a right of action unlike the common law remedy, and in order to recover under the statute it is unnecessary to prove negligence, at least

as to the owner. It is enough to show an attack or injury by a dog without provocation. Beckert v. Risberg, 33 Ill2d 44, 210 NE2d 207 (1965). Plaintiff places primary reliance upon McEvoy v. Brown, 17 Ill App2d 470, 150 NE 2d 652 (3rd Dist 1958), in which case recovery was allowed for a 72-year-old woman who fell when a dog ran between her legs. In that case, the language of the statute is discussed and the rules of construction are discussed. Great reliance is placed upon the fact that the statutory language relates to liability when the dog attacks *or* injures. The court concluded that the legislature intended the disjunctive and intended to create two liabilities, (1) when the animal injures a person who is peaceably conducting himself in a place he may lawfully be or (2) if the animal attacks a person under such circumstances. In the McEvoy case, the dog involved was a puppy and there was no evidence of vicious propensities.

The McEvoy case is readily distinguishable from this case in that here there is no overt act, vicious or otherwise, attributable to the dog that caused the injury to the plaintiff. Here the dog is not engaged in an attack and is not causing an injury which in any way relates to the fact of being a dog. On the contrary, the dog in this case, as shown by the deposition of the plaintiff, was an inert or passive force so far as it concerns the injuries of the plaintiff. We will not impute to the legislature an imposition of liability, absolute in all respects, when there is no factual or reasonable basis for such liability other than as a pure penalty for dog ownership.

That which is missing in this case is behavior or activity on the part of the dog which caused the injury to the plaintiff, although in reaching this conclusion we necessarily agree with the plaintiff that the statute is not necessarily limited to prcviding a remedy when a dog physically attacks a victim.

262

■ Having reached the conclusion that there is no attack or injury here within the meaning of the dog statute, it is unnecessary to determine whether or not Cleo and Vola Bly were harborers or keepers of the dog as those terms are used in the statute.

The action of the circuit court of Sangamon County in granting the defendants' motions for summary judgment was correct and the judgment is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.