**Rose Marie Aldridge, a Minor, by Aaron Aldridge, Her Father and Next Friend, Plaintiff-Appellant, v. Warren Jensen and Eddie Jensen, Defendants-Appellees.**

Gen. No. 69–79.

Third District.

June 4, 1970.

McNeilly & Olivero, of Peru, for appellant.

Herbolsheimer & Lannon, of LaSalle, for appellee.

STOUDER, J.

Plaintiff-Appellant, Rose Marie Aldridge, a minor, by her father and next friend Aaron Aldridge, brought this action in the Circuit Court of Bureau County seeking damages for personal injury allegedly caused by dogs owned by Defendants-Appellees, Warren and Eddie Jensen. The jury found defendants not guilty and judgment was en-

tered on such verdict. In her post-trial motion plaintiff moved for judgment notwithstanding the verdict on the issue of liability and for a new trial on the issue of damages only. This is an appeal from the trial court's denial of such post-trial motion.

On August 27, 1966, after completing the chores on their farm near Princeton, Illinois, thirteen-year-old Rose Marie Aldridge and her brother Richard decided to take a bicycle ride. They bicycled on a gravel township road which led past the farm of the defendants. There was a fence in front of the Jensen house but none across the driveway. As the Aldridge children approached the area, three dogs came out of the driveway and began chasing the Aldridge children. Rose Marie fell from her bicycle injuring her knee. A permanent scar resulted, together with pain and limited use of her leg.

In seeking to reverse the judgment of the trial court, plaintiff argues that such judgment was contrary to the law and the facts. According to plaintiff the trial court should have found the issue of liability against the defendant as a matter of law.

Plaintiff's action was brought under Ill Rev Stats 1965, c 8, § 12d which provides, "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the 'owner' of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term owner includes any person harboring or keeping a dog . . . ."

Since plaintiff argues that the trial court erred in denying her motion for judgment notwithstanding the verdict on the issue of liability the rule of Pedrick (Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504) is applicable.

From the record and arguments of the parties, the only dispute is whether plaintiff's injury was caused by a dog.

The existence of the other essential elements of the statute is undisputed. Messa v. Sullivan, 61 Ill App2d 386, 209 NE2d 872. The plaintiff was peaceably traveling on a township road upon which she had a right to be, and her conduct was not provocatory.

■ Even though the statute may be considered one of strict liability not requiring proof of any knowledge, intent or negligence of a dog owner the question of causation remains.

In our view of this case, we are not required to decide whether the liability contemplated by the statute requires that the dog come in contact with the person injured. Concerning the cause of plaintiff's injury we are of the opinion that differing inferences may be drawn from the evidence.

■ At one point in her testimony, plaintiff indicated that because the dogs were chasing her she accelerated her bicycle and lost control of it. At another point in her testimony, she indicated that she must have hit a stone and flipped. No claim is made and the evidence would not support a claim that the dogs attacked or bit plaintiff. Thus, we believe it can be said that the evidence presented the question of whether the injury was caused by the conduct of the dogs or by some act or omission of plaintiff. See Bailey v. Bly, 87 Ill App2d 259, 231 NE2d 8. We find no reason to disturb the jury's resolution of this issue in favor of defendants.

For the foregoing reasons the judgment of the Circuit Court of Bureau County is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.