RAY H. TAYLOR, Plaintiff-Appellant, *v.* MAURICE HULL, Defendant-Appellee.

(No. 71-303;

Fifth District—August 8, 1972.

*Rehearing denied September 22, 1972.*

Richard Shaikewitz, of Wiseman, Shaikewitz & McGivern, of Alton, for appellant.

James E. Gorman, of Reed, Armstrong, Gorman and Coffey, of Edwardsville, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This case arose out of a personal injury action where it was alleged that Plaintiff suffered damages as the result of injuries received when an automobile which he was driving struck a dog owned by Defendant, causing the car to go out of control and overturn. The suit was based solely upon the Illinois Statute pertaining to an owner's liability in the event that his dog attacks or injures any person. (Ill. Rev. Stat., ch. 8, sec.

12(d), 1969.) Both Plaintiff and Defendant filed Motions for Summary Judgment. The Court denied Plaintiff's Motion and entered Summary Judgment for Defendant on his Motion, and it is from this Judgment that Plaintiff appeals. On appeal Plaintiff contends that his Motion should have been granted and that Defendant's Motion should have been denied. In the alternative Plaintiff argues that Summary Judgment was not the proper remedy and that both Motions should have been denied.

There is no real dispute as to the factual situation out of which this suit arose. Defendant admits that the dog that Plaintiff struck was his and that said dog was walking or trotting on or across the highway in question. It is his contention, however, that the Statute under which this cause of action was brought was not intended to make a dog owner strictly liable for damages under such a factual situation as is here present, and it is on that basis that the trial court granted Defendant's Motion for Summary Judgment. The issues before this Court, therefore, are whether the Statute in question applies to a case such as is here present, and if it does, whether Summary Judgment for either Plaintiff or Defendant was a proper remedy.

The Statute under which this action was brought is entitled "Dogs attacking or injuring person—Liability of owner" and provides: "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained." (Ill. Rev. Stat., ch. 8, sec. 12(d), 1969.) It is Plaintiff's contention that he was injured by Defendant's dog and that Defendant is, therefore, required to respond in damages.

■■ We have examined the cases decided in this jurisdiction and from them certain principles emerge.

First. It is not necessary that a dog attack a person who is injured; it is sufficient that the dog injures the party. (*McEvoy v. Brown,* 17 Ill.App.2d 470.)

Second. It is necessary that the dog perform some act which causes the injury complained of. (*Bailey v. Bly,* 87 Ill.App.2d 259.)

Third. The question of whether the injury was caused by the conduct of the dog or by some independent act of the plaintiff or others is a question of fact to be decided by the jury. (*Aldridge v. Jensen,* 124 Ill.App.2d 444.)

In an annotation appearing in 41 A.L.R.3d 888 dealing with the subject of whether the dog owner is liable when a motorist swerves to avoid the dog, it is stated that few cases have been litigated which fit this narrow factual situation. Our research confirms this finding. The closest case on the facts appears to be *Hirschauer v. Davis,* 163 Ohio St. 105,

126 N.E.2d 337. In that case a truck swerved to avoid a dog on the highway, hit the dog and ran into the ditch. The Ohio Court there held that the trial court erred in failing to instruct the jury that the issue was whether the action of the dog was the proximate cause of the injury.

In the case now before us the facts presented by the pleadings disclose that the dog performed an overt act and was not a mere passive force as in *Bly,* the case relied upon by Defendant. We conclude, therefore, that a triable issue under the Statute has been raised as to whether the action of the dog was the proximate cause of the injury and that the trial court, therefore, erred in granting Summary Judgment for the Defendant. The judgment of the Madison County Circuit Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

G. MORAN, P. J., and JONES, J., concur.