LISA KING, Plaintiff-Appellant, v. MABEL OHREN, Defendant-Appellee.
First District (6th Division)   No. 1—89—2023

Opinion filed May 18, 1990.

Benjamin & Shapiro, Ltd., of Chicago (Fred I. Benjamin and Michael M. Mordini, of counsel), for appellant.

James J. DesVeaux, of Chicago (J. Deborah Salvesen, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff Lisa King brought a two-count action for injuries suffered in defendant Mabel Ohren's kitchen on May 18, 1986. Count I sounded in negligence, and count II was brought under the Animal Control Act (Act) (Ill. Rev. Stat. 1987, ch. 8, par. 351 *et seq.*). The trial court granted summary judgment for defendant on both counts. King appeals the dismissal of count II only.

The sole issue on appeal is whether the trial court erred in granting defendant's motion for summary judgment when plaintiff was injured while defendant's dog moved around underfoot. We affirm.

The undisputed facts are these. On May 18, 1986, King was cooking in the kitchen of defendant Ohren in the presence of Ohren's dog, April. King had worked there several times before. In her statement to defendant's insurer, King explained that on each occasion at dinner time, April would bark and move around underfoot "like kids do." At

the time of the accident, April did not touch King or move towards her. When King picked up a pot with boiling water from the stove and stepped toward the sink, the dog moved ahead of her on her right. The sink was also on King's right. On the fourth step, King and the dog were at the edge of the sink. According to King's affidavit, the accident occurred at this point when she went to put her foot down and "the dog got in [her] way" so she was "forced to alter [her] step to avoid the dog." The water spilled onto King, scalding her.

Count II of the amended complaint alleged a cause of action under the Animal Control Act. Section 16 of the Act provides:

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." Ill. Rev. Stat. 1987, ch. 8, par. 366.

■■ Summary judgment may be granted if "what is contained in the pleadings and affidavit would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and a court would be required to direct a verdict." (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500.) A motion for summary judgment is properly granted and should not be overturned if the pleadings, admissions, affidavits and exhibits, all construed against the moving party and in favor of the opponent, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Commonwealth Eastern Mortgage Co. v. Williams* (1987), 163 Ill. App. 3d 103, 108, 516 N.E.2d 515, 518, citing *Fooden*, 48 Ill. 2d at 586, 272 N.E.2d at 500.

■■ Under Section 16 of the Animal Control Act, a plaintiff must prove: (1) injury by an animal owned or harbored by the defendant; (2) lack of provocation; (3) peaceable conduct by the plaintiff; and (4) the presence of the plaintiff in a place where he had a legal right to be. *Forsyth v. Dugger* (1988), 169 Ill. App. 3d 362, 365, 523 N.E.2d 704, 706; *Nelson v. Lewis* (1976), 36 Ill. App. 3d 130, 131, 344 N.E.2d 268, 270.

In this case, Ohren's ownership of the dog, King's peaceable, unprovocative conduct, and King's presence in a place where she had a right to be are not in question. The sole issue is whether plaintiff's injury was a result of the animal's conduct.

■■ Illinois case law has made it clear that the statutory words "attacks or injures" are disjunctive and allow the plaintiff to recover if the animal injured her but did not attack. (See, *e.g.*, *McEvoy v. Brown*

(1958), 17 Ill. App. 2d 470, 477-78, 150 N.E.2d 652, 655; *Chittum v. Evanston Fuel & Material Co.* (1980), 92 Ill. App. 3d 188, 190-91, 416 N.E.2d 5, 6-7.) However, an animal is the proximate cause of injury to a person only if the injury was caused "by the conduct of the dog" and not by "some independent act" of the plaintiff or others. *Taylor v. Hull* (1972), 7 Ill. App. 3d 218, 219, 287 N.E.2d 167, 168.

In *Bailey v. Bly* (1967), 87 Ill. App. 2d 259, 262, 231 N.E.2d 8, 9, the court would not find liability under the statute unless there was an "overt act, vicious or otherwise, attributable to the dog that caused the injury to the plaintiff." In that case the plaintiff was leaving the defendant's home. She carried a suitcase flat in her outstretched arms. As she started to exit, she saw defendant's dog (Lady) lying against the screen door to the defendant's porch. She commanded Lady to move, which the dog did. Bailey presumed that Lady had moved off the porch. Instead Lady moved to a porch step and lay down again. The plaintiff was injured when she tripped over Lady and fell. The court found that Lady was "an inert or passive force so far as it concerns the injuries of the plaintiff." (*Bailey*, 87 Ill. App. 2d at 262, 231 N.E.2d at 9.) The court held further: "We will not impute to the legislature an imposition of liability, absolute in all respects, where there is no factual or reasonable basis for such liability other than as a pure penalty for dog ownership." *Bailey*, 87 Ill. App. 2d at 262, 231 N.E.2d at 9.

Courts that have found liability for canine behavior have found some overt action by the dog toward the plaintiff. (See *McEvoy*, 17 Ill. App. 2d 470, 150 N.E.2d 652 (a dog ran between plaintiff's legs); *Aldridge v. Jensen* (1970), 124 Ill. App. 2d 444, 259 N.E.2d 355 (a dog chased plaintiff on her bicycle).) In *Taylor* (7 Ill. App. 3d 218, 287 N.E.2d 167), the court reversed a summary judgment for the defendant where the dog ran on to the roadway in the path of the plaintiff's car.

Plaintiff here cites *Taylor, Aldridge,* and *Garbell v. Fields* (1962), 36 Ill. App. 2d 399, 184 N.E.2d 750, for the proposition that the determination of proximate cause under section 16 is a question of fact for the jury. We agree that in many instances proximate cause is a triable question of fact. When all the facts are before the court, however, and no material issue of fact remains, the matter can be disposed of by summary judgment. *Fooden*, 48 Ill. 2d at 587, 272 N.E.2d at 500.

Plaintiff also cites *McEvoy, Garbell, Taylor,* and *Aldridge* for the proposition that an active dog, as opposed to a passive or inert dog, can be a proximate cause of a plaintiff's injuries. Again, we agree: Following *Bailey*, some overt act of the dog toward the plaintiff is re-

quired. We do not agree, however, that any overt act is sufficient to establish liability.

■ The undisputed facts from King's affidavit and statement to defendant's insurer are that King was working in the kitchen with April present. As King carried a pot of boiling water from the stove to the sink, April walked in front of King and to the right. On the fourth step, King and the dog reached the sink. Both the dog and the sink were to the right of King. At this point, King put her foot down, then stepped backwards to avoid the dog and scalded herself.

It is clear that April did not either "attack" or "startle" King as was alleged in her complaint. Nor did April even advance toward the plaintiff. The evidence tells the court only that April stopped walking at the side of the sink and King stepped backwards to avoid stepping on her. The trial court found that April was in the kitchen, where she was always underfoot. April had been moving, but, the court noted, "[i]t's the nature of dogs to move." On these facts, the trial court held *Bailey v. Bly* to be dispositive.

The material facts that were before the trial court describe a dog who did not touch, attack, or even startle plaintiff. King argues that the dog was the cause of her injuries because she was carrying a pot of scalding water, the dog got in her way, and she was forced to alter her step to avoid the dog. King admits, however, that the dog did not advance toward her and was acting in a predictable fashion based upon plaintiff's previous experience. The facts of the accident together with the fact that April's behavior was usual and predictable to plaintiff leads us to conclude that April was a passive force as far as the injuries to King were concerned.

In *Harris v. Walker* (1988), 119 Ill. 2d 542, 547, 519 N.E.2d 917, 919, the supreme court reviewed the legislative purpose of the Animal Control Act and held that section 16 was not enacted to impose strict liability on animal owners. We also refrain from imposing strict liability here, holding instead that an animal is a passive causal force and cannot be a proximate cause of injuries if it stands still or moved away from a plaintiff in a usual, predictable manner known to the plaintiff.

For the reasons stated, the judgment of the trial court is affirmed.

Judgment affirmed.

McNAMARA and EGAN, JJ., concur.