MARIE PARTIPILO, Plaintiff-Appellant, v. JOHN DiMARIA *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—89—1397

Opinion filed March 27, 1991.

Patrick A. Murphy, of Chicago, for appellant.

Querrey & Harrow, Ltd., of Chicago (Michael Resis, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Marie Partipilo appeals from an order of the circuit court

entering summary judgment in favor of defendants John DiMaria and Dominick Bracco.

In 1983, plaintiff was injured in a fall in defendants' home. Plaintiff, a friend of defendants, had been invited to their home for dinner. After dinner, as plaintiff was searching for a bathroom, she fell down a flight of stairs leading to the basement.

Plaintiff filed suit against defendants alleging she was caused to fall down the stairs after she became frightened by defendants' German shepherd dog. In count I of her complaint, plaintiff charged defendants with willful and wanton misconduct in: (1) keeping a dog they knew would frighten those lawfully upon the premises; (2) directing plaintiff to a bathroom in an unlit area directly adjacent to where the dog was kept and in close proximity to an unlit stairway; (3) failing to warn of the existence of the dog and the stairway; and (4) failing to provide any safeguard for those intending to use the bathroom facilities. Count II charged defendants with negligence, and in count III plaintiff charged defendants with violation of section 16 of the Animal Control Act (Ill. Rev. Stat. 1985, ch. 8, par. 366).

After answering and denying liability, defendants filed a motion for summary judgment. In their motion, defendants argued that the Animal Control Act was inapplicable because plaintiff's injuries were sustained in a fall, not through any action of defendants' dog. Defendants also argued they were entitled to summary judgment on count I because plaintiff could not establish she was injured as a result of any willful and wanton conduct on the part of the defendants.

Defendants' motion was supported by excerpts from the depositions of plaintiff and both defendants. According to plaintiff, she and her husband arrived at defendants' house around 6 p.m. and were shown around by Antoinette Bracco, Dominick's wife. Plaintiff stated she did not see a dog while they were being shown around the house but she did hear growling. As plaintiff and her husband were preparing to leave, plaintiff announced she wanted to use the bathroom. Plaintiff then got up and headed for the bathroom.

Plaintiff stated that no one directed her to the bathroom, but she had an idea of where it was because earlier in the evening she had heard Antoinette say "[t]here's the bathroom" when they were in a hallway. Plaintiff stated that after getting up, she went straight to the hall where she "knew that the bathroom was." The hall was dark and plaintiff felt along the wall for a light switch. When she did not find the switch, she continued walking down the hall and turned right to go to the bathroom. When she turned, she heard a growling noise, be-

came frightened, turned to her left, and fell down the basement stairs.

Defendant John DiMaria stated in his deposition that the dog was nine years old, it had received obedience training when it was a year old, and it had never bitten or attacked anyone. Dominick Bracco stated that when plaintiff arrived and told them she was afraid of dogs, his wife put the dog in the laundry room and placed a locked gate across the doorway so it could not get out. The laundry room was located across the hall from the bathroom.

Following a hearing, the trial court entered an order granting defendants' motion for summary judgment. In her appeal from the trial court's order, plaintiff concedes that under the law as it existed at the time of her injury, her status as a social guest and licensee precludes her from recovering under count II of her complaint. (See *Northrup v. Allister Construction Co.* (1987), 163 Ill. App. 3d 221, 516 N.E.2d 586.) However, plaintiff contends she is entitled to recover under counts I and III.

In arguing that the trial court erred in entering summary judgment on count I of her complaint, plaintiff asserts that, given the totality of the circumstances, a question of fact exists concerning whether defendants acted willfully and wantonly. Plaintiff contends defendants were aware of her fear of dogs, and when she indicated she was going to the bathroom, they should have known the combination of the darkened hallway, the unlit stairway, and the presence of a dog behind a gate that was unobservable in the darkness created a high likelihood that she would become frightened and sustain injury. Plaintiff argues, therefore, that defendants' failure to warn her amounted to willful and wanton misconduct. We cannot agree.

■ Generally, the issue of whether a defendant has acted willfully and wantonly is a question of fact for the jury. (*Robertson v. New York Central R.R. Co.* (1944), 388 Ill. 580, 58 N.E. 527; *Walldren Express & Van Co. v. Krug* (1920), 291 Ill. 472, 126 N.E. 97; *Harvey v. Norfolk & Western Ry. Co.* (1979), 73 Ill. App. 3d 74, 390 N.E.2d 1384.) However, if the evidence, viewed in a light most favorable to the plaintiff, does not tend to support an allegation of willful and wanton misconduct, the issue should not be submitted to a jury. (*Robertson*, 388 Ill. at 586; *Harvey*, 73 Ill. App. 3d at 82.) In the present case, we find no support for plaintiff's allegations of willful and wanton misconduct.

Willful and wanton misconduct has been defined as "a gross want of care as indicates a willful disregard of consequences or a willingness to inflict injury" and "[a]n intentional disregard of a known duty

necessary to the safety of the person or property of another and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences." (*Walldren,* 291 Ill. at 476-77.) Plaintiff has alleged no acts on the part of defendants that constitute misconduct of this level.

The record establishes that, out of consideration for plaintiff's fear of dogs, defendants placed their dog in a room behind a locked gate from which it could not and did not escape. Nothing in defendants' conduct amounted to a willful or intentional disregard of duty; nor can it be said defendants' actions demonstrated an absence of care for or willingness to inflict injury upon others. As for plaintiff's contention that the gate was concealed by darkness and this fact, together with the presence of the darkened stairway, constituted a hidden danger or trap, it is well settled that the failure to warn a social guest or licensee of "dangerous conditions" concealed by darkness does not constitute willful or wanton conduct. (*Helfenbein v. Malzahn* (1974), 24 Ill. App. 3d 616, 321 N.E.2d 394; *Biggs v. Bear* (1943), 320 Ill. App. 597, 51 N.E.2d 799.) Accordingly, we find the trial court properly granted summary judgment for defendants on count I of plaintiff's complaint.

We also find the trial court properly entered summary judgment on count III of the complaint, in which plaintiff sought to recover under section 16 of the Animal Control Act.

Section 16 provides:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." Ill. Rev. Stat. 1985, ch. 8, par. 366.

In interpreting section 16, courts have held that its purpose is to encourage tight control over animals. (*Wilcoxen v. Paige* (1988), 174 Ill. App. 3d 541, 528 N.E.2d 1104.) Courts have also held that, while the language of section 16 appears to be absolute, the statute does not impose strict liability on animal owners. *Guthrie v. Zielinski* (1989), 185 Ill. App. 3d 266, 541 N.E.2d 178; *Wilcoxen,* 174 Ill. App. 3d at 543; *Vanderlei v. Heideman* (1980), 83 Ill. App. 3d 158, 403 N.E.2d 756; *Bailey v. Bly* (1967), 87 Ill. App. 2d 259, 231 N.E.2d 8.

In *Bailey,* a plaintiff sought recovery under section 16 for injuries suffered when she tripped over her nephew's dog. The appel-

late court affirmed a summary judgment for defendant, stating that the legislature did not intend to impose absolute liability under section 16 when there is no factual or reasonable basis for such liability other than as a pure penalty for dog ownership. *Bailey*, 87 Ill. App. 2d at 262.

■ In the case before us, we see no factual or reasonable basis for imposing liability under section 16. It cannot be disputed that defendants were in control of their animal. The dog was in defendants' home, behind a locked gate and defendants stated that the dog could not get out. It was impossible for defendants' dog to attack or injure plaintiff, and we find, therefore, as in *Bailey*, the only basis for imposing liability on defendants would be as a pure penalty for their ownership of a dog. Accordingly, we conclude defendants were entitled to summary judgment on count III of plaintiff's complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA, P.J., and RIZZI, J., concur.