2016 IL App (4th) 150841
NO. 4-15-0841

**FILED**
September 30, 2016
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| RYAN COE and HILLARY COE, | ) | Appeal from |
| Plaintiffs-Appellees, | ) | Circuit Court of |
| v. | ) | Edgar County |
| ERIC LEWSADER and TRISH LEWSADER, | ) | No. 01L14 |
| Defendants-Appellants. | ) | |
| | ) | Honorable |
| | ) | Matthew L. Sullivan, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Turner and Appleton concurred in the judgment and opinion.

**OPINION**

¶ 1    In this action brought by plaintiffs, Ryan and Hillary Coe, against defendants, Eric and Trish Lewsader, pursuant to the Animal Control Act (Act) (510 ILCS 5/1 to 35 (West 2010)), the Edgar County circuit court certified four questions for interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015). We granted defendants' application for leave to appeal. We answer one of the certified questions, decline to answer the remaining three certified questions, and remand for further proceedings.

¶ 2                     I. BACKGROUND

¶ 3    In January 2012, plaintiffs filed an eight-count first amended complaint against defendants seeking damages for personal injuries sustained by Ryan on September 26, 2009, and for loss of consortium sustained by Hillary as a result of Ryan's injuries. Four counts sought

damages under a theory of negligence, and the remaining four counts sought damages under the Act. Plaintiffs alleged that during the early morning hours of September 26, 2009, Ryan was riding his motorcycle on North Illinois Highway 1 in Edgar County, Illinois, when his motorcycle struck defendants' dog "as it was lying or otherwise positioned" in the middle of the roadway. Defendants responded, asserting Ryan was contributorily negligent and his actions were the sole proximate cause of the accident, alleging he was operating his motorcycle at an excessive speed while intoxicated.

¶ 4        On January 22, 2014, plaintiffs voluntarily dismissed, without prejudice, their negligence counts. Thereafter, both parties filed motions for summary judgment, which the trial court denied.

¶ 5        On March 26, 2015, the parties jointly submitted questions to the circuit court for certification. On October 17, 2015, the circuit court entered an order certifying the following questions for review:

> "1. Is a person in a place where he 'may lawfully be' under
> the [Act] if he is not trespassing but is intoxicated and operating a
> motorcycle on a public highway at a speed of 90 mph at 2:00 in the
> morning?
>
> 2. Does a dog lying in the middle of the road constitute an
> 'overt action' toward the Plaintiff for purposes of the [Act]?
>
> 3. Is there any fact situation, specifically including the
> assumed facts above, when the doctrine of comparative negligence
> may be a valid affirmative defense under the [Act] or does *Johnson*

- 2 -

*v. Johnson* [, 386 Ill. App. 3d 522, 898 N.E.2d 145 (2008),] control in all [Act] cases?

4. Is a person who is intoxicated and operating a motorcycle at 90 mph at 2:00 in the morning peaceably conducting himself for purposes of the [Act] even if he does not arouse the fighting instincts of the dog?"

¶ 6        On October 8, 2015, defendants filed an application for leave to appeal pursuant to Rule 308 in order to address the certified questions. Plaintiffs agreed that an interlocutory appeal was appropriate. This court granted defendants' application for an interlocutory appeal.

¶ 7        For purposes of this appeal, the parties stipulated to the following facts. At 2 a.m. on September 26, 2009, Ryan was intoxicated and operating a motorcycle on a public highway at a speed of 90 miles per hour when his motorcycle collided with defendants' dog, which was "passively lying in the road."

¶ 8                                II. ANALYSIS

¶ 9                        A. Scope and Standard of Review

¶ 10        "The scope of review in an interlocutory appeal brought under Rule 308 is limited to the certified question[s]." *Spears v. Ass'n of Illinois Electric Cooperatives*, 2013 IL App (4th) 120289, ¶ 15, 986 N.E.2d 216. Certified questions are questions of law that a reviewing court reviews *de novo. Moore v. Chicago Park District*, 2012 IL 112788, ¶ 9, 978 N.E.2d 1050.

¶ 11                                B. The Act

¶ 12        Here, the certified questions relate to actions brought under section 16 of the Act (510 ILCS 5/16 (West 2010)). Section 16 of the Act provides as follows:

"Animal attacks or injuries. If a dog or other animal, without provocation, attacks, attempts to attack, or injures any person who is peaceably conducting himself or herself in any place where he or she may lawfully be, the owner of such dog or other animal is liable in civil damages to such person for the full amount of the injury proximately caused thereby." *Id.*

¶ 13                               C. Certified Questions

¶ 14        Because we find dispositive the second certified question—whether "a dog lying in the middle of the road constitute[s] an 'overt action' toward the [p]laintiff for purposes of the *** Act"—we will address it first. Essentially, we must determine whether the dog's action as stipulated in this case brings the case within the purview of the Act.

¶ 15        To recover damages under the Act, a plaintiff must prove "(1) injury caused by an animal owned by the defendants; (2) lack of provocation; (3) peaceful conduct of the injured person; and (4) the presence of the injured person in a place where he has a legal right to be." *Forsyth v. Dugger*, 169 Ill. App. 3d 362, 365, 523 N.E.2d 704, 706 (1988). It is well settled that for liability to attach under the Act, "some overt act of the dog toward the plaintiff is required." *King v. Ohren*, 198 Ill. App. 3d 1098, 1101-02, 556 N.E.2d 756, 758 (1990). Simply being "an inert or passive force so far as it concerns the injuries of the plaintiff" is not sufficient. *Bailey v. Bly*, 87 Ill. App. 2d 259, 262, 231 N.E.2d 8, 9 (1967). Rather, the dog must engage in affirmative "behavior or activity *** which cause[s] the injury to the plaintiff." *Id.* at 262, 231 N.E.2d at 10.

¶ 16        In this case, the parties have stipulated that defendants' dog was "passively lying in the road" at the time of the accident. According to defendants, their dog's act of passively

- 4 -

lying in the middle of the road did not constitute an overt action toward Ryan for purposes of the Act. On the other hand, plaintiffs argue, in order for the dog to have wound up lying in the road, it first must have left its home and traveled to that location and that this conduct constituted an overt action sufficient to support liability under the Act.

¶ 17 Defendants cite *Bailey* and *King* in support of their contention that a dog's act of passively lying in the middle of a road does not subject one to liability under the Act. In *Bailey*, the plaintiff was leaving her brother's house when her nephew's dog blocked her path. *Id.* at 261, 231 N.E.2d at 9. The plaintiff instructed the dog to move, which it did, but unbeknownst to the plaintiff, the dog moved to the porch stairs and lay down on a step. *Id.* As the plaintiff descended the steps holding a suitcase, she tripped over the dog and fell. *Id.* The plaintiff sought damages for her injuries under section 16 of the Act. *Id.* This court found the Act did not apply because the dog was "not engaged in an attack and [was] not causing an injury which in any way relates to the fact of being a dog." *Id.* at 262, 231 N.E.2d at 9. The court distinguished the facts before it from those in *McEvoy v. Brown*, 17 Ill. App. 2d 470, 150 N.E.2d 652 (1958), finding the injuries sustained in *McEvoy* resulted from the dog's overt act of running between the plaintiff's legs, whereas the injuries in *Bailey* resulted from the plaintiff tripping over a dog that was passively lying on the steps. *Bailey*, 87 Ill. App. 2d at 262, 231 N.E.2d at 9. In short, the *Bailey* court found the plaintiff was not entitled to damages under the Act because "there [was] no overt act, vicious or otherwise, attributable to the dog that caused the injury to the plaintiff." *Id.*

¶ 18 In *King*, the plaintiff was cooking in the defendant's kitchen and was carrying a pot of boiling water when the defendant's " 'dog got in [her] way' " and " 'forced her to alter [her] step to avoid the dog.' " *King*, 198 Ill. App. 3d at 1099-1100, 556 N.E.2d at 756-57. The

- 5 -

plaintiff sought damages under section 16 of the Act for injuries she received when she spilled the scalding hot water on herself. *Id.* at 1100, 556 N.E.2d at 757. As in *Bailey*, the *King* court found the Act did not apply. *Id.* at 1101, 556 N.E.2d at 757. In particular, the *King* court agreed with *Bailey*'s holding that some overt act on the part of the dog toward the plaintiff is required for liability to attach under the Act. *Id.* It also rejected the plaintiff's assertions that any overt act is sufficient to establish liability. *Id.* The court concluded the dog in that case "was a passive force as far as the injuries to King were concerned" because the dog "was acting in a predictable fashion based upon [the] plaintiff's previous experience." *Id.* at 1102, 556 N.E.2d at 758. In short, the court found "that an animal is a passive causal force and cannot be a proximate cause of injuries if it stands still or moved away from a plaintiff in a usual, predictable manner known to the plaintiff." *Id.*

¶ 19 According to plaintiffs, a more analogous case to the one before us is *Taylor v. Hull*, 7 Ill. App. 3d 218, 287 N.E.2d 167 (1972). In *Taylor*, the Fifth District considered whether the defendant was liable under the Act for injuries sustained by the plaintiff after his car struck the defendant's dog, which "was walking or trotting on or across the highway." *Id.* at 218-19, 287 N.E.2d at 167-68. In finding the Act applied, the court distinguished the facts before it from those in *Bailey*, finding the dog's act of walking or trotting across the highway was an overt act that could subject the defendant to liability under the Act. *Id.* at 220, 287 N.E.2d at 168. Thus, the court reversed the trial court's grant of summary judgment because "a triable issue under the [Act] has been raised as to whether the action of the dog was the proximate cause of the [plaintiff's] injury." *Id.*

¶ 20       Here, we find the dog's action as stipulated by the parties was more similar to the facts involved in *Bailey* and *King*. Unlike the dog in *Taylor*, which was walking or trotting on or across the highway at the time of the accident, the dog in this case was passively lying in the road. Just as the dog in *Bailey*, the dog here was merely lying down at the time of the accident. Neither dog was engaged in an attack, nor were they "causing an injury which in any way relates to the fact of being a dog." *Bailey*, 87 Ill. App. 2d at 262, 231 N.E.2d at 9. We find the dog's act of "passively lying in the road" in this case was not the type of affirmative behavior or activity contemplated by the Act.

¶ 21       Plaintiffs attempt to distinguish *Bailey* and *King*, pointing out "that the [defendants'] dog in the instant case was *in the road*, not on the [d]efendants' property." (Emphasis in original.) However, we fail to see how the location of the dogs in these cases bears on the determination of whether their actions were overt or passive. As argued by defendants, the courts in *Bailey* and *King* focused their analysis on the conduct of the dogs and do not appear to have attached any legal significance to the dogs' locations on the defendants' properties.

¶ 22       Plaintiffs also suggest this court should consider the dog's act of traveling from the defendants' property to the roadway to be an overt act and thus actionable under the Act. However, *at the time of the collision*, the dog was simply lying in the roadway. It is the nature of the dog's actions at the time of the accident that we must evaluate in determining the applicability of the Act's liability provision. As pointed out by defendants, assuming the validity of plaintiffs' argument, *Bailey* and *King* would have been decided in favor of the plaintiffs instead, since the dogs in those cases necessarily had walked to the locations where the accidents

occurred. The focus of the court's inquiry must be on the dog's actions at the time and location of the accident, not at some remote time or place.

¶ 23    In sum, based on our review of the Act and relevant case law, we find that a dog's act of lying passively in the middle of a road does not constitute an overt action that will subject its owner to liability under section 16 of the Act. Thus, the Act does not apply based on the stipulated facts before us.

¶ 24    Because we find the Act does not apply, we need not address the remaining certified questions, which concern application of the Act to the stipulated facts.

¶ 25    III. CONCLUSION

¶ 26    For the reasons stated, we answer the second certified question in the negative, decline to answer the remaining three certified questions, and remand for further proceedings.

¶ 27    Second certified question answered; remaining three certified questions not answered; cause remanded.